The opinion of the court was delivered by
Fenner, J.
The property in controversy belonged to Charles D. Dunlap, who died in 1855, and, under his will, passed to the defend.ants, who are his widow and daughter. It was originally a cultivated plantation, but, owing to overflows, in common with many other ■estates in Madison parish, its cultivation was abandoned and it lay idle for many years. The defendants,, however, occupied it through tenants in 1876 and 1877; and in 1887 they again put tenants upon it, who occupied it at the time when this suit was brought. There is no pretence that anybody else ever occupied the land.
In February, 1889, the plaintiff brought this petitory action against the defendants, in which he avers that he is owner of the property by virtue of a tax title evidenced by two deeds of sale, viz: first, a tax collector’s deed to him, under a tax sale made on May 1, 1886, for delinquent taxes due under assessments made in the name of A. N. .Spencer; second, another deed . made in 1882, by which the collector sold the property to Spencer, as *765 property forfeited to the State for delinquent taxes assessed in the name of the estate of Dunlap. Of course the validity of plaintiff’s title depends upon that of the sale to Spencer; for if defendant’s title had never been divested by a valid forfeiture to the State and a Valid sale to Spencer, assessments in the name of Spencer could furnish no basis for a sale of defendant’s property. Recurring to the deed to Spencer, we discover that it was executed under Act 107 cf 1880, which provides exclusively “for the sale of property forfeited or sold to the State for delinquent taxes or licenses.”
The deed describes this property as having been “ assessed, listed, advertised and'forfeited in the name of estate of Charles D. Dunlap,” and, further, as having been “ forfeited to the State of Louisiana on the 3d day of December, 1879, for the taxes due thereon for the year 1878, and not since redeemed, as provided by law.”
Now, it is clearly proved, and indeed it is admitted, that the property was not forfeited to the State on the 3d day of December, 1879, or for the taxes of 1878; and thus, on the face of the deed, the basis on which it rests is entirely destroyed.
Plaintiff seeks to escape the effect of this by proving that the property had been forfeited to the State in 1874 for the taxes of' 1872. Even if this were proved, it is obvious that the State neither asserted nor conveyed any title founded on such forfeiture.
Moreover, the Act 107 of 1880, under which the sale was made, provides: “The tax collector shall not receive a bid for a less amount than the sum necessary to pay all taxes that may be due,”' etc.
Now, it appears from the very delinquent list recorded in the Auditor’s office, and relied on as operating a forfeiture under the 68th section of Act 42 of 1871, that the taxes of 1872, for which the forfeiture is claimed, amounted to $137.60; and the deed to Spencer shows that the property was adjudicated to him for $73, declared to be “ one dollar more than the sum necessary to pay all taxes, etc., due.”
Thus, whatever forfeiture be relied on, the title falls. If the forfeiture recited in the deed be considered, the sale is null, because there was no such forfeiture. If the forfeiture claimed for the taxes of 1872 be asserted, then the sale is equally null for violating the express prohibition of the statute by receiving, and adjudicating upon, a bid less than the taxes due.
*766 The effort oí the plaintiff in a petitory action to sustain his title by .a plea of prescription against any attack thereon'by the defendants in possession, can not be countenanced. The plaintiff has cited ño precedent for such a reversal of the ordinary principles of pleading and of prescription, and we shall not establish one.
We have maintained the prescriptions of three and of five years in favor of tax purchasers in possession, as a shield, against action by former owners to invalidate such titles, and to oust them from possession. But when the holders of such titles, having never obtained possession, assume the character of petitory plaintiffs and seek to oust the former owners whose possession has neverjbeen divested, they must establish their title unaided by such prescriptions.
Defendants have brought no action to invalidate plaintiff’s tax title.
They are simply defending their own possession and title against an attack made by him. He must submit to the burden imposed on every petitory plaintiff of showing a title, not merely prima facie, but absolutely good. Saunders on Taxation, p. 313.
Plaintiff here has not only failed to show such title, but we think the evidence establishes that he has none.
He has no equity on his side, for the uncontradicted evidence •shows that he admitted that the purchase by Spencer was really made for him, and he suffered the property to go to sale for taxes which were really due by himself, and became the purchaser at that sale.
The judge a quo granted a judgment of non-suit, and appellees ask that it be converted into a judgment rejecting plaintiff’s demand. We think they are entitled to such amendment.
It is therefore adjudged and decreed that the judgment appealed from be so amended as to reject the demand of plaintiff absolutely, without prejudice to his right to claim reimbursement of outlays made for taxes, etc., and that as thus amended the same be now •affirmed, plaintiff to pay costs in both courts.